Brian N. Platt (#17099)
bplatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiff Diamonds Direct, L.C. dba Lashbrook*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| DIAMONDS DIRECT, L.C. dba LASHBROOK, | Case No: 2:23-cv-870 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, REMOVAL AND FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION, UTAH UNFAIR COMPETITION, VIOLATION OF THE LANHAM ACT, VIOLATION OF UTAH PATTERN OF UNLAWFUL ACTIVITY ACT, AND CIVIL CONSPIRACY** |
| vs. | |
| MANLY BANDS LLC, JOHNATHAN RUGGIERO, MICHELLE LUCHESE, and MARSHALL SMITH, | |
| Defendants. | **JURY TRIAL DEMANDED** |
| | Judge Jill N. Parrish |

---

Plaintiff Diamonds Direct, L.C. *dba* Lashbrook ("Lashbrook") complains and alleges as

follows against Defendants Manly Bands LLC, Johnathan Ruggiero, Michelle Luchese, and

Marshall Smith (collectively, "Manly Bands"):

## NATURE OF THE CLAIMS

1.      This is an action for copyright infringement, unlawful removal and falsification of copyright management information, state law and Lanham Act unfair competition, violation of Utah's Pattern of Unlawful Activity Act, and civil conspiracy.

2.      Manly Bands LLC, once a substantial customer and partner of Lashbrook, along with Defendants Ruggiero, Luchese and Smith, conspired and combined to steal and manufacture, did steal and manufacture, and continue to steal and manufacture Lashbrook's copyrighted jewelry designs as though they were its own with the objective of making additional profits and deceiving the public as to the origin of Manly Bands' designs.

3.      In addition, Manly Bands LLC, along with Defendants Ruggiero, Luchese and Smith conspired and combined to steal, did steal, and continue to steal Lashbrook's copyrighted product images with the objective of making additional profits and deceiving the public as to the origin of Manly Bands' designs.

4.      In addition, Manly Bands LLC, along with Defendants Ruggiero, Luchese and Smith conspired and combined to remove, did remove, and continue to remove Lashbrook's watermarks from Lashbrook's copyrighted product images with the objective of making additional profits and deceiving the public as to the origin of Manly Bands' designs.

5.      In addition, Manly Bands LLC, along with Defendants Ruggiero, Luchese and Smith conspired and combined to add, did add and continue to add false copyright notices attributing Lashbrook's copyrighted product images to Manly Bands, with the objective of making additional profits and deceiving the public as to the origin of Manly Bands' designs.

6.    Examples of infringing wedding bands copied from Lashbrook's copyrighted designs are shown below:



Lashbrook Cobalt Chrome,
Cerakote, and Hardwood
U.S. Copyright Reg. VA0002266479



Manly Bands "The Solo"
https://manlybands.com/products/the-solo
(unauthorized copy)



Lashbrook Damascus Steel and Cerakote
U.S. Copyright Reg. VA0002266471



Manly Bands "The Candidate"
https://manlybands.com/products/the-candidate
(unauthorized copy)





Lashbrook Damascus Steel & Silver
U.S. Copyright Reg. VA0002266476

Manly Bands "The Sage"
https://manlybands.com/products/the-sage
(unauthorized copy)





Lashbrook Titanium and Mountains
U.S. Copyright Reg. VA0002272305

Manly Bands "The Everest" Titanium
https://manlybands.com/products/the-everest
(unauthorized copy)





Lashbrook Cobalt Chrome,
Meteorite, and Cerakote
U.S. Copyright Reg. VA0002272306

Manly Bands "The Astronaut"
https://manlybands.com/products/the-solo
(unauthorized copy)





4

| Lashbrook Black Zirconium and Meteorite[1] U.S. Copyright Reg. VA0002266462 | Manly Bands "The Guide" https://manlybands.com/products/the-guide (unauthorized copy) |
| --- | --- |

7.    Manly Bands portrays itself in advertising and media as helping people find "genuine badass and unique-to-them" wedding bands.  In reality, Manly Bands—*a former substantial customer of Lashbrook*—willfully copies the copyrighted designs of others *en masse,* claims them as its own, and wraps its copyright infringement in a cloak of marketing and purported originality.

8.    Manly Bands' copying from Lashbrook is so egregious that—in the examples below—Manly Bands does not even bother to hide its theft of Lashbrook's intellectual property in its HTML code.  Rather, Manly Bands flagrantly copies and displays Lashbrook's copyrighted ring designs in product images that it ***copies directly from Lashbrook servers*** without authorization from Lashbrook.

9.    Manly Bands modifies Lashbrook's copyrighted ring design images by willfully removing the Lashbrook watermark from each image before displaying it on the Manly Bands' website.

---

[1] Some Lashbrook products (previously rebranded for sale by Manly Bands) include a Manly Bands logo.  These logos were inscribed by Lashbrook during manufacturing as part of its partnership with Manly Bands.



<https://manlybands.com/pages/custom-rings-form>

10.     In order to conceal its unlawful acts of copying, Manly Bands has automated its

violations of federal law by ***writing software code to remove Lashbrook's watermark*** from each

of the ***millions*** of Lashbrook images that have been misappropriated by Manly Bands.

11.     Manly Bands then uses these stolen images with the removed watermarks to enable

itself to manufacture and have third party contractors manufacture custom rings for Manly Bands

that are embodied by the images.

## THE PARTIES

12.    Plaintiff Diamonds Direct, L.C. dba Lashbrook ("Lashbrook") is a Utah limited liability company with a principal place of business at 131 East 13065 South, Draper, UT 84020.

13.    Defendant Manly Bands LLC ("Manly Bands") is a Utah limited liability company with a principal place of business at 32 S 1800 W, Unit I, Lindon, UT 84042.

14.    Defendant Johnathan Ruggiero ("Ruggiero") is a Utah resident with a business address of 32 S 1800 W, Unit I, Lindon, UT 84042.  Ruggiero is a Co-Founder and Co-CEO of Manly Bands.  On information and belief, Ruggiero had the right and ability to supervise the infringing activities alleged in this Complaint and a direct financial interest in such infringing activities.

15.    Defendant Michelle Luchese ("Luchese") is a Utah resident with a business address of 32 S 1800 W, Unit I, Lindon, UT 84042.  Luchese is a Co-Founder and Co-CEO of Manly Bands.  On information and belief, Luchese had the right and ability to supervise the infringing activities alleged in this Complaint and a direct financial interest in such infringing activities.

16.    Defendant Marshall Smith ("Smith") is a Utah resident with a business address of 32 S 1800 W, Unit I, Lindon, UT 84042.  Smith is President of Manly Bands.  On information and belief, Smith had the right and ability to supervise the infringing activities alleged in this Complaint and a direct financial interest in such infringing activities.

17.    Defendant Manly Bands does business within the State of Utah, is resident in this judicial district, is engaged in continuous and systematic business within the District of Utah, conducts and solicits business within this judicial district, and derives substantial revenue from the sales of its products and/or services within this judicial district.  Manly Bands has sold and made

7

offers for sale of products that infringe Lashbrook's copyrights in Utah and within this judicial district.  Defendant Manly Bands publicly advertises that its headquarters are located in Utah:



https://manlybands.com/a/blog/manly-bands-moves-headquarters-to-utah

18.    Ruggiero, Luchese, and Smith do business in the State of Utah, are residents of this judicial district, and engage in continuous and systematic business within the District of Utah.

## JURISDICTION

19.    This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1331 (federal question).  In addition, the Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims "form part of the same case or controversy" under Article III of the U.S. Constitution.

20.    This Court has personal jurisdiction over Manly Bands, Ruggiero, Luchese, and Smith because they maintain a principal place of business in this judicial district, have committed and continue to commit acts of infringement in violation of federal law in this judicial district, and because each is resident in this judicial district.  In addition, the acts by Defendants cause substantial injury to Plaintiff in this judicial district and the Defendants derive substantial revenue

from their sale of unlawful and infringing products within this judicial district. In addition, the Defendants have taken advantage of the privilege of doing business in this judicial district.

## VENUE

21.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Defendant Manly Bands is a registered limited liability company in this judicial district and subject to personal jurisdiction in Utah. Defendants Ruggiero, Luchese, and Smith are resident in this judicial district and subject to personal jurisdiction in Utah. In addition, a substantial part of the events giving rise to the claims in this litigation occurred in this judicial district, including the Defendants' sale of infringing products in this judicial district and shipping of products from this judicial district.

## BACKGROUND

22.     Lashbrook is an award-winning innovator in the making of custom men's wedding rings. Started in 2000 and founded by Eric Laker, the company is named after Mr. Laker's great, great grandfather Lashbrook, who was an early western settler.

23.     Lashbrook focuses on making uniquely styled men's custom wedding rings from exotic hardwoods, diamonds, and precious metals. It was one of the first U.S. companies to make and distribute titanium, carbon fiber, Damascus Steel, and "camo" wedding band products. Lashbrook continues to lead the industry in providing customer-designed custom wedding bands with unique materials and inlays designed and constructed for each customer.

24.     Lashbrook has been ranked as one of Utah's 100 fastest growing companies and is continually recognized as one of the best-selling and most-innovative wedding band lines in the country.

25.     Lashbrook's unique products are hand-crafted by more than 100 skilled employees at its Draper, Utah manufacturing facility, where its team of goldsmiths, designers, machinists, and operators create each Lashbrook wedding ring by hand.  Lashbrook sells its unique wedding rings online through its website and through retail jewelry partners that market and sell Lashbrook products at more than 1,300 brick-and-mortar retail outlets.

26.     Manly Bands was started in 2016 by Johnathan Ruggiero and Michelle Luchese. Manly Bands moved its headquarters to Utah in 2019.  Marshal Smith became president of Manly Bands in 2020.

27.     Since 2018, Manly Bands has been a substantial customer of Lashbrook.  Between 2018 and 2022, Manly Bands purchased tens of thousands of wedding bands from Lashbrook in transactions totaling millions of dollars each year.  Lashbrook owned the copyrights in the ring designs sold to Manly Bands.

28.     In 2021, Lashbrook and Manly Bands sought to continue their partnership. Negotiations between Lashbrook and Manly Bands had been ongoing for many months when Lashbrook learned that Manly Bands was stealing its most popular wedding band designs for manufacture in China.

29.     Lashbrook insisted that any agreement between the parties recognize Lashbrook's valuable copyrights.  It also advised Manly Bands that Lashbrook's jewelry designs were protected by copyright.

30.     Manly Bands denied that Lashbrook owned copyrights in any of its jewelry designs and claimed that jewelry was not entitled to copyright protection.

31.    On March 28, 2022, Manly Bands informed Lashbrook that it would substantially reduce the number of products purchased from Lashbrook.  Manly Bands affirmed that it would not produce (or source elsewhere) Lashbrook's copyrighted designs. Thereafter, Manly Bands began manufacturing products in its own facilities.  At this time, Lashbrook again informed Manly Bands that Lashbrook's designs were protected by copyright and that they could not be copied by Manly Bands.  Manly Bands rejected the suggestion that Lashbrook's designs were protected by copyright and went so far as to argue that jewelry was not even copyrightable.

32.    Although Manly Bands' advertising and marketing suggests that Manly Bands designs all of its own wedding bands, Manly Bands does not design all of its own rings.  Instead, Manly Bands made near-exact copies of popular designs it previously purchased from Lashbrook. Manly Bands even requested the computer design files for certain Lashbrook designs.  But when that request was refused, Manly Bands proceeded to make near-identical copies without authorization, attribution, or payment of royalties.  Manly Bands marketed and sold Lashbrook's copyrighted designs as its own while knowing that such designs were protected by Lashbrook's copyrights.

33.    Manly Bands' lack of original products was so profound that Manly Bands resorted to including unauthorized "deep links" to Lashbrook's copyrighted designs on the Manly Bands website.  For example, the image for the "Your ring preview" that Manly Bands presents in the custom rings page below is "deep linked" to images created by Lashbrook.



https://manlybands.com/pages/custom-rings-form

34.    Manly Bands misappropriated the exemplary Lashbrook image shown below without authorization:



https://assets.lashbrookdesigns.com/rings/profiles/D/widths/5/ring_materials/18KR/images/1?ring_finish=POLISH%2CPOLISH&finish_type=F&weight=P&size=10&feature_group=G&groove_style=N&groove_group=13-N&grooves=13-N_METEORITE&image_size=400&sleeve=NONE

35.    To conceal its conduct and in violation of federal law, Manly Bands intentionally removed the Lashbrook watermark from the image above.

36.    In violation of federal law, Manly Bands removed the Lashbrook watermark from millions of Lashbrook copyrighted images that Manly Bands has used without authorization and that were linked from the Lashbrook server.  Manly Bands copies and removes the watermark from

thousands of Lashbrook images ***every day*** without authorization. Manly Bands also conveys information in connection with the stolen images, falsely attributing those images to Manly Bands.

37.     Manly Bands has sought to sell unlawful copies of Lashbrook's copyrighted works to third-parties.  In addition to its own copyright infringement, Manly Bands is actively marketing its infringing products to numerous Lashbrook customers, and directly communicating with Lashbrook customers offering to undercut Lashbrook's pricing on its own copyrighted designs.

38.     In the past, Lashbrook had given Manly Bands limited authorization to use a small number of copyright-protected images to pitch custom ring designs to specific clients.  Lashbrook also gave Manly Bands authorization to remove the LASHBROOK logo from those limited images on a one-time basis before conveying them to a specific client.

39.     Each specific case of authorization was premised on the requirement that Manly Bands would, as it had in the past, have any custom ring order stemming from the authorization be manufactured by Lashbrook.

40.     But after being given an inch, Manly Bands sought to take a mile.  Lashbrook discovered that Manly Bands is now stealing thousands of copyright-protected images from Lashbrook's servers every day (without authorization), removing and falsifying copyright management information from Lashbrook's images (without authorization), on information and belief, manufacturing custom rings based on these stolen images (without authorization), on information and belief, having custom rings manufactured by third party manufacturers based on these stolen images (without authorization), and selling and offering to sell Lashbrook's copyright-protected ring designs to Manly Bands' customers (without authorization).

41.    Ruggiero, Luchese, and Smith are Officers of Manly Bands.  Ruggiero and Luchese are Co-Founders and CEOs of Manly Bands.  Smith is President of Manly Bands.

42.    Ruggiero, Luchese, and Smith are closely involved with both the daily operations of Manly Bands and important decisions about the strategic direction of Manly Bands.

43.    Ruggiero, Luchese, and Smith are aware that Lashbrook's jewelry designs are subject to copyright protections and were informed of such protections during their negotiations with Lashbrook.

44.    Ruggiero, Luchese, and Smith have the right and the ability to supervise the infringing and unlawful activities alleged in the Complaint against Manly Bands.

45.    Ruggiero, Luchese, and Smith have a direct financial interest in the infringing and unlawful activities alleged in the Complaint against Manly Bands, and each was involved in the decision that Manly Bands should participate in such infringing and unlawful activities. Accordingly, there is no corporate veil and Ruggiero, Luchese, and Smith are jointly and severally liable for the infringing and unlawful activities alleged in the Complaint.

46.    On information and belief, Defendants Manly Bands LLC, Ruggiero, Luchese and Smith were all fully aware of the activity alleged in paragraphs 7-11, 30-37 and 40 in the Complaint and did conspire and combine with one another to take the unlawful actions set forth in these paragraphs with the objectives of making additional profits by cutting their former business partner, Lashbrook, out of the supply chain, and deceiving the public as to the origin of Manly Bands' designs.

**FIRST CAUSE OF ACTION**
**Copyright Infringement – '476 Copyright**
**17 U.S.C. § 106 *et seq***

47.     Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

48.     Lashbrook is the owner of U.S. Copyright Reg. VA0002266476 (the "'476 Copyright"). Exhibit 1. Manly Bands has made and used unauthorized reproductions of the '476 Copyright in its "The Sage" product without Lashbrook's consent. *See* Exhibit 2.




| | |
|---|---|
| Lashbrook Damascus Steel & Silver<br>'476 Copyright<br>Exhibit 1 | Manly Bands "The Sage"<br>https://manlybands.com/products/the-sage<br>Exhibit 2 |

49.     Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

50.     Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

51.     Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

52.     Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**SECOND CAUSE OF ACTION**
**Copyright Infringement – '479 Copyright**
**17 U.S.C. § 106 *et seq***

53.     Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

54.     Lashbrook is the owner of U.S. Copyright Reg. VA0002266479 (the "'479 Copyright").  Exhibit 3.  Manly Bands has made and used unauthorized reproductions of the '479 Copyright in its "The Solo" product without Lashbrook's consent.  *See* Exhibit 4.

 

| Lashbrook Cobalt Chrome, Cerakote, and Hardwood '479 Copyright Exhibit 3 | Manly Bands "The Solo" https://manlybands.com/products/the-solo Exhibit 4 |

55.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

56.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

57.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

58.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### THIRD CAUSE OF ACTION
### Copyright Infringement – '471 Copyright
### 17 U.S.C. § 106 *et seq*

59.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

60.     Lashbrook is the owner of U.S. Copyright Reg. VA0002266471 (the "'471 Copyright"). Exhibit 5. Manly Bands has made and used unauthorized reproductions of the '471 Copyright in its "The Candidate" product without Lashbrook's consent. *See* Exhibit 6.



Lashbrook Damascus Steel and Cerakote
'471 Copyright
Exhibit 5



Manly Bands "The Candidate"
https://manlybands.com/products/the-candidate
Exhibit 6

61.     Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

62.     Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

63.     Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

64.     Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2). In addition, Manly Bands' infringement has caused

and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### FOURTH CAUSE OF ACTION
### Copyright Infringement – '305 Copyright
### 17 U.S.C. § 106 *et seq*

65.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

66.    Lashbrook is the owner of U.S. Copyright Reg. VA0002272305 (the "'305 Copyright").  Exhibit 7.  Manly Bands has made and used unauthorized reproductions of the '305 Copyright in its "The Everest" product without Lashbrook's consent.  *See* Exhibit 8.





Lashbrook Titanium and Mountains
'305 Copyright
Exhibit 7

Manly Bands "The Everest" Titanium
https://manlybands.com/products/the-everest
Exhibit 8

67.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

68.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

69.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

70.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## FIFTH CAUSE OF ACTION
### Copyright Infringement – '306 Copyright
### 17 U.S.C. § 106 *et seq*

71.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

72.    Lashbrook is the owner of U.S. Copyright Reg. VA0002272306 (the "'306 Copyright").  Exhibit 9.  Manly Bands has made and used unauthorized reproductions of the '306 Copyright in its "The Astronaut" product without Lashbrook's consent.  *See* Exhibit 10.



Lashbrook Cobalt Chrome,
Meteorite, and Cerakote
'306 Copyright
Exhibit 9



Manly Bands "The Astronaut"
https://manlybands.com/products/the-astronaut
Exhibit 10

73.     Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

74.     Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

75.     Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

76.     Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

21

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### SIXTH CAUSE OF ACTION
**Copyright Infringement – '462 Copyright**
**17 U.S.C. § 106 *et seq***

77.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

78.    Lashbrook is the owner of U.S. Copyright Reg. VA0002266462 (the "'462 Copyright").  Exhibit 11.  Manly Bands has made and used unauthorized reproductions of the '462 Copyright in its "The Guide" product without Lashbrook's consent.  *See* Exhibit 12.





Lashbrook Black Zirconium and Meteorite
'462 Copyright
Exhibit 11

Manly Bands "The Guide"
https://manlybands.com/products/the-guide
Exhibit 12

79.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

80.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

81.     Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

82.     Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### SEVENTH CAUSE OF ACTION
### Copyright Infringement – '230 Application
### 17 U.S.C. § 106 *et seq*

83.     Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

84.     Lashbrook is the owner of U.S. Copyright App. No. 1-10720770230 (the "'230 Application").  *See* Exhibit 13.

85.     The '230 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 14.

86.     Contrary to the conclusion of the Register of Copyrights, the '230 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 13, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes,

edging, and finishes that make up the overall design of the final ring. *See Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 345 (1991). As such, registration of the '230 Application was wrongfully refused by the Register.

87.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '230 Application in its "The Aficionado" product without Lashbrook's consent. *See* Exhibit 15.





| Lashbrook Black Zirconium / Wood '230 Application Exhibit 13 | Manly Bands "The Aficionado" https://manlybands.com/collections/black-zirconium-wedding-bands/products/the-aficionado Exhibit 15 |

88.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

89.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

90.     Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

91.     Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## EIGHTH CAUSE OF ACTION
### Copyright Infringement – '319 Application
### 17 U.S.C. § 106 *et seq*

92.     Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

93.     Lashbrook is the owner of U.S. Copyright App. No. 1-10720770319 (the "'319 Application").  *See* Exhibit 16.

94.     The '319 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 17.

95.     Contrary to the conclusion of the Register of Copyrights, the '319 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 16, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes,

edging, and finishes that make up the overall design of the final ring. *See Feist*, 499 U.S. at 345. As such, registration of the '319 Application was wrongfully refused by the Register.

96.     Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '319 Application in its "The Kraken" product without Lashbrook's consent. *See* Exhibit 18.



Lashbrook Black Zirconium / Cerakote
'319 Application
Exhibit 16



Manly Bands "The Kraken"
https://manlybands.com/collections/black-
zirconium-wedding-bands/products/the-
kraken
Exhibit 18

97.     Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

98.     Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

99.     Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

100.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## NINTH CAUSE OF ACTION
### Copyright Infringement – '157 Application
### 17 U.S.C. § 106 *et seq*

101.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

102.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727637157 (the "'157 Application") which was refused by the Register of Copyrights.  *See* Exhibit 19.

103.    The '157 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 20.

104.    Contrary to the conclusion of the Register of Copyrights, the '157 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 19, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '157 Application was wrongfully refused by the Register.

105.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '157 Application in its "The Extraterrestrial" product without Lashbrook's consent. *See* Exhibit 21.





Lashbrook Black Zirconium
'157 Application
Exhibit 19

Manly Bands "The Extraterrestrial"
https://manlybands.com/collections/black-zirconium-wedding-bands/products/the-extraterrestrial
Exhibit 21

106.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

107.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

108.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

109.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused

and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future. Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**TENTH CAUSE OF ACTION**
**Copyright Infringement – '205 Application**
**17 U.S.C. § 106 *et seq***

110.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

111.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727637205 (the "'205 Application"). *See* Exhibit 22.

112.    The '205 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration." *See* Exhibit 23.

113.    Contrary to the conclusion of the Register of Copyrights, the '205 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 22, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring. *See Feist*, 499 U.S. at 345. As such, registration of the '205 Application was wrongfully refused by the Register.

114.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '205 Application in its "The American" product without Lashbrook's consent. *See* Exhibit 24.





Lashbrook Black Zirconium / Flag
'205 Application
Exhibit 22

Manly Bands "The American"
https://manlybands.com/collections/black-
zirconium-wedding-bands/products/the-
american
Exhibit 24

115.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

116.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

117.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

118.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**ELEVENTH CAUSE OF ACTION**
**Copyright Infringement – '503 Application**
**17 U.S.C. § 106 *et seq***

119.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

120.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727709503 (the "'503 Application").  *See* Exhibit 25.

121.    The '503 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 26.

122.    Contrary to the conclusion of the Register of Copyrights, the '503 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 25, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345.  As such, registration of the '503 Application was wrongfully refused by the Register.

123.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '503 Application in its "The McKinley" product without Lashbrook's consent.  *See* Exhibit 27.

 

Lashbrook Titanium Hardwood
'503 Application
Exhibit 25

Manly Bands "The McKinley"
https://manlybands.com/collections/titanium-wedding-bands/products/the-mckinley
Exhibit 27

124.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

125.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

126.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

127.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**TWELFTH CAUSE OF ACTION**
**Copyright Infringement – '691 Application**
**17 U.S.C. § 106** *et seq*

128.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

129.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727709691 (the "'691 Application").  Exhibit 28.

130.    The '691 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 29.

131.    Contrary to the conclusion of the Register of Copyrights, the '691 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 28, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '691 Application was wrongfully refused by the Register.

132.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '691 Application in its "The Jurassic" product without Lashbrook's consent. *See* Exhibit 30.





Lashbrook Black Zirconium, Black Dinosaur Bone, and Hardwood '691 Application
Exhibit 28

Manly Bands "The Jurassic"
https://manlybands.com/products/the-jurassic
Exhibit 30

133.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

134.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

135.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

136.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## THIRTEENTH CAUSE OF ACTION
### Copyright Infringement – '879 Application
### 17 U.S.C. § 106 *et seq*

137.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

138.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727709879 (the "'879 Application").  *See* Exhibit 31.

139.    The '879 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 32.

140.    Contrary to the conclusion of the Register of Copyrights, the '879 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 31, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '879 Application was wrongfully refused by the Register.

141.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '879 Application in its "The Luchese" product without Lashbrook's consent. *See* Exhibit 33.

 

| Lashbrook Black Zirconium Hardwood | Manly Bands "The Luchese" |
| '879 Application | https://manlybands.com/collections/black-zirconium-wedding-bands/products/the-luchese |
| Exhibit 31 | Exhibit 33 |

142.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

143.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

144.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

145.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## FOURTEENTH CAUSE OF ACTION
### Copyright Infringement – '927 Application
### 17 U.S.C. § 106 *et seq*

146.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

147.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727709927 (the "'927 Application").  *See* Exhibit 34.

148.    The '927 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 35.

149.    Contrary to the conclusion of the Register of Copyrights, the '927 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 34, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345.  As such, registration of the '927 Application was wrongfully refused by the Register.

150.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '927 Application in its "The Beast" product without Lashbrook's consent.  *See* Exhibit 36.





Lashbrook Black Zirconium Dinosaur Bone
'927 Application
Exhibit 34

Manly Bands "The Beast"
https://manlybands.com/products/the-beast
Exhibit 36

151.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

152.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

153.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

154.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**FIFTEENTH CAUSE OF ACTION**
**Copyright Infringement – '975 Application**
**17 U.S.C. § 106 *et seq***

155.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

156.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727709975 (the "'975 Application").  *See* Exhibit 37.

157.    The '975 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 38.

158.    Contrary to the conclusion of the Register of Copyrights, the '975 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 37, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '975 Application was wrongfully refused by the Register.

159.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '975 Application in its "The Bogie" product without Lashbrook's consent. *See* Exhibit 39.





Lashbrook Black Zirconium Dinosaur Bone
'975 Application
Exhibit 37

Manly Bands "The Bogie"
https://manlybands.com/collections/black-
zirconium-wedding-bands/products/the-bogie
Exhibit 39

160.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

161.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

162.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

163.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## SIXTEENTH CAUSE OF ACTION
### Copyright Infringement – '023 Application
### 17 U.S.C. § 106 *et seq*

164.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

165.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727710023 (the "'023 Application"). *See* Exhibit 40.

166.    The '023 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration." *See* Exhibit 41.

167.    Contrary to the conclusion of the Register of Copyrights, the '023 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 40, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '023 Application was wrongfully refused by the Register.

168.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '023 Application in its "The Chemist" product without Lashbrook's consent. *See* Exhibit 42.




| Lashbrook Black Zirconium 14K Gold '023 Application Exhibit 40 | Manly Bands "The Chemist" https://manlybands.com/products/the-chemist Exhibit 42 |

169.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

170.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

171.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

172.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**SEVENTEENTH CAUSE OF ACTION**
**Copyright Infringement – '552 Application**
**17 U.S.C. § 106 *et seq***

173.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

174.    Lashbrook is the owner of U.S. Copyright App. No. 1-10724228552 (the "'552 Application").  *See* Exhibit 43.

175.    The '552 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 44.

176.    Contrary to the conclusion of the Register of Copyrights, the '552 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 43, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '552 Application was wrongfully refused by the Register.

177.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '552 Application in its "The Havok" product without Lashbrook's consent. *See* Exhibit 45.

43

Lashbrook Black Zirconium and Cerakote
'552 Application
Exhibit 43

Manly Bands "The Havok"
https://manlybands.com/collections/black-zirconium-wedding-bands/products/the-havok
Exhibit 45

178.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

179.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

180.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

181.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## EIGHTEENTH CAUSE OF ACTION
### Copyright Infringement – '659 Application
### 17 U.S.C. § 106 *et seq*

182.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

183.    Lashbrook is the owner of U.S. Copyright App. No. 1-10724228659 (the "'659 Application").  *See* Exhibit 46.

184.    The '659 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 47.

185.    Contrary to the conclusion of the Register of Copyrights, the '659 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 46, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '659 Application was wrongfully refused by the Register.

186.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '659 Application in its "The Eisenhower" product without Lashbrook's consent.  *See* Exhibit 48.

 

Lashbrook Cobalt Chrome and Hardwood
'659 Application
Exhibit 46

Manly Bands "The Eisenhower"
https://manlybands.com/collections/cobalt-chrome-wedding-bands/products/the-eisenhower
Exhibit 48

187.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

188.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

189.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

190.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

## NINETEENTH CAUSE OF ACTION
### Copyright Infringement – '835 Application
### 17 U.S.C. § 106 *et seq*

191.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

192.    Lashbrook is the owner of U.S. Copyright App. No. 1-10724228835 (the "'835 Application").  *See* Exhibit 49.

193.    The '835 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 50.

194.    Contrary to the conclusion of the Register of Copyrights, the '835 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 49, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '835 Application was wrongfully refused by the Register.

195.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '835 Application in its "The Novelist" product without Lashbrook's consent. *See* Exhibit 51.





Lashbrook Cobalt Chrome
'835 Application
Exhibit 49

Manly Bands "The Novelist"
https://manlybands.com/collections/cobalt-chrome-wedding-bands/products/the-novelist
Exhibit 51

196.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

197.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

198.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

199.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### TWENTIETH CAUSE OF ACTION
#### Copyright Infringement – '941 Application
#### 17 U.S.C. § 106 *et seq*

200.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

201.    Lashbrook is the owner of U.S. Copyright App. No. 1-10724228941 (the "'941 Application").  *See* Exhibit 52.

202.    The '941 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 53.

203.    Contrary to the conclusion of the Register of Copyrights, the '941 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 52, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '941 Application was wrongfully refused by the Register.

204.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '941 Application in its "The Artisan" product without Lashbrook's consent. *See* Exhibit 54.





Lashbrook Black Zirconium and Hardwood
'835 Application
Exhibit 52

Manly Bands "The Artisan"
https://manlybands.com/collections/black-zirconium-wedding-bands/products/the-artisan
Exhibit 54

205.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

206.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

207.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

208.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### TWENTY-FIRST CAUSE OF ACTION
#### Copyright Infringement – '999 Application
#### 17 U.S.C. § 106 *et seq*

209.     Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

210.     Lashbrook is the owner of U.S. Copyright App. No. 1-10724228999 (the "'999 Application").  *See* Exhibit 55.

211.     The '999 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration."  *See* Exhibit 56.

212.     Contrary to the conclusion of the Register of Copyrights, the '999 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 55, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring.  *See Feist*, 499 U.S. at 345. As such, registration of the '999 Application was wrongfully refused by the Register.

213.     Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '999 Application in its "The Lyndon" product without Lashbrook's consent. *See* Exhibit 57.





Lashbrook Cobalt Chrome and Hardwood
'999 Application
Exhibit 55

Manly Bands "The Lyndon"
https://manlybands.com/collections/cobalt-chrome-wedding-bands/products/the-lyndon
Exhibit 57

214.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

215.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

216.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

217.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**TWENTY-SECOND CAUSE OF ACTION**
**Copyright Infringement – '107 Application**
**17 U.S.C. § 106** *et seq*

218.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

219.    Lashbrook is the owner of U.S. Copyright App. No. 1-10724229107 (the "'107 Application"). *See* Exhibit 58.

220.    The '107 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration." *See* Exhibit 59.

221.    Contrary to the conclusion of the Register of Copyrights, the '107 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 58, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring. *See Feist*, 499 U.S. at 345. As such, registration of the '107 Application was wrongfully refused by the Register.

222.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '107 Application in its "The Fire Chief" product without Lashbrook's consent. *See* Exhibit 60.





Lashbrook Cobalt Chrome and Hardwood
'107 Application
Exhibit 58

Manly Bands "The Fire Chief"
https://manlybands.com/collections/black-zirconium-wedding-bands/products/the-fire-chief
Exhibit 60

223.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

224.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

225.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

226.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future. Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**TWENTY-THIRD CAUSE OF ACTION**
**Copyright Infringement – '351 Application**
**17 U.S.C. § 106 *et seq***

227.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

228.    Lashbrook is the owner of U.S. Copyright App. No. 1-10727710351 (the "'351 Application"). *See* Exhibit 61.

229.    The '351 Application was refused by the Register of Copyrights because the Register incorrectly concluded that it "does not contain a sufficient amount of creativity to warrant registration." *See* Exhibit 62.

230.    Contrary to the conclusion of the Register of Copyrights, the '351 Application includes the "minimal degree of creativity" needed to bring the work within the protection of the copyright laws, as shown in the creative elements of the subject of Exhibit 61, reproduced below, including, for example, the unique and creative combination of colors, patterns, materials, shapes, edging, and finishes that make up the overall design of the final ring. *See Feist*, 499 U.S. at 345. As such, registration of the '351 Application was wrongfully refused by the Register.

231.    Manly Bands has made and used unauthorized reproductions of the copyrighted work depicted in the '351 Application in its "The Spy" product without Lashbrook's consent. *See* Exhibit 63.





Lashbrook Cobalt Chrome and Hardwood '107 Application
Exhibit 61

Manly Bands "The Spy"
https://manlybands.com/collections/black-zirconium-wedding-bands/products/the-spy
Exhibit 63

232.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

233.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

234.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

235.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law. Unless this Court restrains Manly Bands' from infringing Lashbrook's copyrighted works the harm

will continue to occur in the future.   Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### TWENTY-FOURTH CAUSE OF ACTION
### Copyright Infringement – '100 Group Copyright
### 17 U.S.C. § 106 *et seq*

236.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

237.    In addition to creating physical, infringing copies of Lashbrook's copyright-protected jewelry designs, Manly Bands also steals Lashbrook's copyright-protected photographs directly from Lashbrook's servers **every time** a Manly Bands customer generates a new ring preview using the custom ring builder on the Manly Bands website:



https://manlybands.com/pages/custom-rings-form

238.    Lashbrook is the owner of U.S. Copyright Reg. VA0002343100 (the "'100 Group Copyright"). *See* Exhibit 65. The '100 Group Copyright consists of a sample of 731 base photographs. The 731 individual photographs in the '100 Group Copyright are a representative fraction of over **one million** base photographs ("Base Product Images") owned by Lashbrook and stored on its servers.

239.    In creating these Base Product Images, Lashbrook designers made creative choices concerning placement, orientation, background, lighting, and more to take original photographs of physical Lashbrook rings. Then Lashbrook designers made additional creative choices to edit the Base Product Images for color, hue, lighting, reflectiveness and more.

240.    As evidenced by the successful registration of the '100 Group Copyright, each of the over one million Base Product Images are entitled to copyright protection.

241.    Below is a sample of Base Product Images that make up some of the images in the '100 Group Copyright, compared to **identical**, infringing images from the Manly Bands website:



**Representative Photographs of the '100 Group Copyright**
*See* Exhibit 65



**Infringing Copies from Manly Bands**
https://manlybands.com/pages/custom-rings-form

242.     On information and belief, Manly Bands has infringed many of the 731 representative Base Product Images protected by the '100 Group Copyright by stealing them from Lashbrook servers, displaying them to customers on the Manly Bands website without authorization, manufacturing rings based on the images, and sending the images to third party manufacturers to facilitate the manufacture of rings based on the images.

243.     Lashbrook's Base Product Images can also be combined using a patent-protected method to generate composite preview images for custom rings ("Custom Preview Image(s)"):



244.     Every time a Manly Bands customer makes a new selection on the custom ring builder on the Manly Bands website, Manly Bands steals a different Custom Preview Image—composed of one or more Base Product Images—from Lashbrook Servers:



https://manlybands.com/pages/custom-rings-form

245.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its rights in the '100 Group Copyright, and including its exclusive rights to produce, reproduce, and distribute copies of its works, to create derivative works, and to publicly display its works.

246.    Manly Bands' infringement has been undertaken willfully and with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands steals directly from Lashbrook servers.

247.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all

other relief allowed under the Copyright Act—for each infringement of the 731 Base Product Images protected by the '100 Copyright.

248.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law.  Unless this Court restrains Manly Bands from infringing Lashbrook's copyrighted works, the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

**TWENTY-FIFTH CAUSE OF ACTION**
**Copyright Infringement – '203 Group Copyright**
**17 U.S.C. § 106 *et seq***

249.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

250.    Lashbrook is the copyright owner of more than one million Base Product Images that may be assembled into more than ***one billion*** possible Custom Preview Images, including the exemplary Custom Preview Image shown below:



https://assets.lashbrookdesigns.com/rings/profiles/D/widths/5/ring_materials/18KR/images/1?ring_finish=POLISH%2CPOLISH&finish_type=F&weight=P&size=10&feature_group=G&groove

_style=N&groove_group=13-N&grooves=13-N_METEORITE&image_size=400&sleeve=NONE

251.    The Custom Preview Images are copyright-protected pictorial works. Lashbrook is the owner of U.S. Copyright Reg. VA0002341203 (the "'203 Group Copyright"). *See* Exhibit 64. The '203 Group Copyright consists of a sample of ten Custom Preview Images, ranging from simple to complex designs.

252.    On information and belief, Manly Bands has infringed many of the ten representative Custom Preview Images protected by the '203 Group Copyright by stealing them from Lashbrook servers and displaying them to customers on the Manly Bands website without authorization, manufacturing rings based on the images, and sending the images to third party manufacturers to facilitate the manufacture of rings based on the images.

253.    Each Custom Preview Image is composed of one or more Base Product Images that are also individually copyrightable. A sample of 731 Base Product Images are included in the '100 Group Copyright. *See* Exhibit 65.

254.    Lashbrook's Base Product Images are combined using a patent-protected method to generate the Custom Preview Images:



255.    Every time a Manly Bands customer makes a new selection on the custom ring builder on the Manly Bands website, Manly Bands steals a different Custom Preview Image from Lashbrook Servers:



https://manlybands.com/pages/custom-rings-form

256.    Manly Bands' acts violate Lashbrook's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its rights in the '203 Group Copyright, and including its exclusive rights to produce, reproduce, and distribute copies of its works, to create derivative works, and to publicly display its works.

257.    Manly Bands' infringement has been undertaken willfully with the intent to financially gain from Lashbrook's copyrighted works, and with full knowledge of Lashbrook's copyrighted works, which Manly Bands steals directly from Lashbrook servers.

258.    Lashbrook is entitled to its actual and/or statutory damages, disgorgement of Manly Bands' profits attributable to the infringement in an amount to be proved at trial, together with all

other relief allowed under the Copyright Act—for each infringement of the ten Custom Preview Images protected by the '203 Copyright.

259.    Because of Manly Bands' willful infringement, Lashbrook is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).  In addition, Manly Bands' infringement has caused and continues to cause irreparable harm to Lashbrook, for which it has no adequate remedy at law.  Unless this Court restrains Manly Bands from infringing Lashbrook's copyrighted works, the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to a preliminary and permanent injunction.

### TWENTY-SIXTH CAUSE OF ACTION
**Removal or Alteration of Copyright Management Information**
**17 U.S.C. § 1202(b)** *et seq*

260.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

261.    Lashbrook is the copyright owner of more than one million Base Product Images that may be assembled into more than ***one billion*** possible Custom Preview Images, including the exemplary Custom Preview Image shown below:



https://assets.lashbrookdesigns.com/rings/profiles/D/widths/5/ring_materials/18KR/images/1?ring_finish=POLISH%2CPOLISH&finish_type=F&weight=P&size=10&feature_group=G&groove_style=N&groove_group=13-N&grooves=13-N_METEORITE&image_size=400&sleeve=NONE

262.    Each Custom Preview Image is a copyright-protected pictorial work, as evidenced by the representative Custom Preview Images included in the '203 Group Copyright. *See* Exhibit 64. Each Custom Preview Image is composed of one or more Base Product Images that are also individually copyrightable, as evidenced by the representative Base Product Images included in the '100 Group Copyright. *See* Exhibit 65.

263.    Each of Lashbrook's Custom Preview Images includes a Lashbrook watermark, as highlighted in the exemplary Custom Preview Image shown above.

264.    Each Lashbrook watermark on a Custom Preview Image constitutes copyright management information ("CMI").  *See* 17 U.S.C. § 1202; *see also Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131 (E.D.N.Y. 2019) (holding that watermarks, i.e., a "corporate name or symbol . . . displayed on a copyrighted work" constitutes "copyright management information" within the meaning of the DMCA).

65

265.    Manly Bands offers its customers the opportunity to "Design Your Perfect Ring" through the following URL: https://manlybands.com/pages/custom-rings-form.    At this URL Manly Bands includes numerous images misappropriated from Lashbrook, including:

a.    Four different style images with Lashbrook's watermark removed.



https://manlybands.com/pages/custom-rings-form

b.    Ten different materials images with Lashbrook's watermark removed.



https://manlybands.com/pages/custom-rings-form

c.    Ten different inlay material images with Lashbrook's watermark removed.

66





https://manlybands.com/pages/custom-rings-form

      d.     Five different inside sleeve materials images with Lashbrook's watermark removed:



https://manlybands.com/pages/custom-rings-form

      e.     And eight different finish materials images with Lashbrook's watermark removed:

**Finish** — Hide



https://manlybands.com/pages/custom-rings-form

       f.      In addition, Manly Bands offers a variety of band widths for its rings:

**Band Width**



https://manlybands.com/pages/custom-rings-form

266.   The combination of these options provides for Billions of possible ring design combinations that may be selected by a potential customer, as shown in the exemplary Custom Preview Images below:



**Options:**
Domed Profile
Rose Gold
Bone Inlay
No Sleeve

Watermark

https://assets.lashbrookdesigns.com/rings/profiles/D/widths/7/ring_materials/18KR/images/1?ring_finish=SATIN%2CPOLISH&finish_type=F&weight=P&size=10&feature_group=G&groove_style=N&groove_group=13-N&grooves=13-N_MOSAIC-DINOSAURBONERED&image_size=400&sleeve=NONE



**Options:**
Flat Profile
White Gold
Carbon Fiber Inlay
Cerakote Sleeve

Watermark

https://assets.lashbrookdesigns.com/rings/profiles/FR/widths/7/ring_materials/18KW/images/1?ring_finish=SATIN%2CPOLISH&finish_type=F&weight=P&size=10&feature_group=G&groove_style=N&groove_group=13-N&grooves=13-N_C-FORGEDCF&image_size=400&sleeve=CER-REDAPPLE



**Options:**
Flat Profile
Black Zirconium
Turquoise
Gold Sleeve

Watermark

https://assets.lashbrookdesigns.com/rings/profiles/FR/widths/7/ring_materials/Z/images/1?ring_finish=SATIN%2CPOLISH&finish_type=F&weight=P&size=10&feature_group=G&groove_style=N&groove_group=13-N&grooves=13-N_MOSAIC-TURQUOISE&image_size=400&sleeve=18KY



**Options:**
Flat Edge Grooved
Platinum
Gibeon Meteorite
Antler Sleeve

Watermark

https://assets.lashbrookdesigns.com/rings/profiles/FGE/widths/7/ring_materials/PLAT/images/1?ring_finish=SATIN%2CPOLISH&finish_type=F&weight=P&size=10&feature_group=G&groove_style=N&groove_group=13-N&grooves=13-N_METEORITE&image_size=400&sleeve=ANTLER

267.    Each Custom Preview Image (including the examples above) includes a Lashbrook watermark and may be accessed using the unique URL shown above.

268.    On information and belief, Manly Bands reverse-engineered the URL code required to generate unique Custom Preview Images to integrate Lashbrook's images into its active "Custom Rings Form," so that when any customer selects a particular size, material, or style, the product image from Lashbrook's own server is pulled and used to generate a unique Custom Preview Image, as shown below:



Watermark Removed by Manly Bands

https://manlybands.com/pages/custom-rings-form

269.     In violation of 17 U.S.C. § 1202(b)(1) and (b)(3), for each of the millions of Custom Preview Images that Manly Bands unlawfully retrieved from Lashbrook's servers, Manly Bands removed or altered the copyright management information associated with each Custom Preview Image.  Manly Bands removed this information with the intent to conceal its use of Lashbrook's copyrighted images.

270.     Manly Bands also violated 17 U.S.C. § 1202(b)(1) and (b)(3) each time it distributed any unlawfully retrieved Custom Preview Images with removed or altered copyright management information, including when it distributed these images to third party manufacturers for the purpose of facilitating the manufacture of a ring by the third-party manufacturer based on the images.

271.     Copyright registration is not a prerequisite for a claim of unlawful removal of CMI under the DMCA.  *See e.g., Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659, 664 (S.D.N.Y. 2017).

272.     Manly Bands never obtained authorization from Lashbrook to remove or alter CMI on Lashbrook's Custom Preview Images.

273.     Manly Bands authored custom computer code that ran on its web page located at https://manlybands.com/pages/custom-rings-form in the file titled **App.js** which contained the following code to retrieve an image from Lashbrook's servers at a specified URL:

```
/**
 * Lashbrook link structure:
 * assets.lashbrookdesigns.com/rings
 * /profiles/{profile} // eg Domed = D
 * /widths/{width} // Eg 7mm band width = 7
 * /ring_materials/{material} // Eg 14-karat white = 14KW
 * /images/{image_index} // There may be multiple images available for each configuration
 * ?ring_finish={finish} // Eg Satin = SATIN
 * &finish_type={finish_type} // Default value is 'F'. Use currently unknown, but possibly related to multiply-finished rings
 * &weight={weight} // The physical weight of the ring, modified by altering ring thickness.
 * &size={size} // Ring size
 * &image_size={dim} // Dimensions for the square image
 */
let url = `https://assets.lashbrookdesigns.com/rings/profiles/${profile}` +
    `/widths/${width}` +
    `/ring_materials/${material}` +
    `/images/${image_index}` +
    `?ring_finish=${finish}` +
    `&finish_type=${finish_type}` +
    `&weight=${weight}` +
    `&size=${size}` +
    `&feature_group=${feature_group}` +
    `&image_size=${image_size}` +
    `&sleeve=${sleeve}`;
return url;
```

https://manlybands.com/pages/custom-rings-form (file **App.js, lines 1364 - 1388**)

274.    Manly Bands authored additional custom computer code that ran on its web page located at https://manlybands.com/pages/custom-rings-form in the file titled **App.js** which contained the following code to draw a white rectangle over the watermark on the Lashbrook Custom Preview Images, thus removing the CMI from Lashbrook's Custom Preview Images:

```
renderCanvas(e) {
    const ctx = this.canvas.current.getContext('2d');
    let image = new Image();
    image.src = this.props.image;
    this.canvas.current.parentNode.classList.add("preview-loading");
    image.onload = () => {
        this.canvas.current.parentNode.classList.remove("preview-loading");
        ctx.clearRect(0, 0, this.canvas.current.width, this.canvas.current.height);
        ctx.drawImage(image, 0, 0, this.canvas.current.width, this.canvas.current.height);
        ctx.beginPath();
        ctx.rect(this.canvas.current.width * (250/400), this.canvas.current.height * (360/400), this.canvas.current.width,
        ctx.fillStyle = 'white';
        ctx.fill();
        ctx.strokeStyle = 'white'
        ctx.stroke();
    }
}
```

https://manlybands.com/pages/custom-rings-form (file **App.js, lines 855 – 869**)

275.    The image below shows an exemplary Lashbrook Custom Preview Image retrieved from Lashbrook's server <u>before</u> the Manly Bands computer code has been executed to remove the Lashbrook watermark CMI from the image.  The watermark is visible in the lower right corner:



**Lashbrook Image with Lashbrook Watermark CMI**
**(before Removal by Manly Bands)**

276. "Transparent" portions of the image are rendered by the computer program to display the transparent areas as a "checkerboard" pattern; however, the Lashbrook watermark is still visible in the enlarged image shown above.

277. The exemplary image below shows a Lashbrook Custom Preview Image retrieved from Lashbrook's server <u>after</u> the Manly Bands computer code was executed to remove the watermark CMI from the image by drawing a solid white rectangle over the Lashbrook watermark:



**Lashbrook Watermark Removed**

**Lashbrook Image after Lashbrook Watermark CMI
Removed by Manly Bands**

278.    Because Manly Bands removed the watermark CMI by drawing a solid white rectangle over the Lashbrook watermark, that area is shown as solid white.

279.    Manly Bands intentionally removed or altered CMI from Lashbrook's Custom Preview Images in violation of 17 U.S.C. § 1202(b)(1).

280.    Manly Bands distributed unauthorized Custom Preview Images knowing that the CMI had been removed or altered without authority of Lashbrook in violation of 17 U.S.C. § 1202(b)(2).

281.    On information and belief, Manly Bands makes unauthorized copies of approximately 7,500 Lashbrook Custom Preview Images ***every day*** without the consent or authorization of Lashbrook, and removes and alters Lashbrook CMI associated with each of the images.

282.    Manly Bands intentionally removed or altered CMI from Lashbrook's Custom Preview Images knowing that Manly Bands' removal of CMI would induce, enable, facilitate, or conceal information of copyright infringement, in violation of 17 U.S.C. § 1202(b).

283.    The scope of Manly Bands' knowing and intentional removal of CMI from Lashbrook's Custom Preview Images and the scale of its scheme to remove CMI was staggering in scope and effect: Manly Bands wrote and automated software code to remove CMI from the images so that it might freely infringe Lashbrook's images without customers or third party manufacturers knowing that the displayed images were not Manly Bands' images.

284.    Manly Bands' unlawful acts have caused and continue to cause irreparable harm to Lashbrook for which it has no adequate remedy at law.  Unless this Court restrains Manly Bands from removing CMI from Lashbrook's Custom Preview Images the harm will continue to occur in the future.  Accordingly, Lashbrook is entitled to an injunction against future infringement.

**TWENTY-SEVENTH CAUSE OF ACTION**
**Falsification of Copyright Management Information**
**17 U.S.C. § 1202(a)** *et seq*

285.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

286.    As described above, Manly Bands removes and alters CMI on Lashbrook's Custom Preview Images without authorization in direct violation of 17 U.S.C. § 1202(b).

287.    In addition to removing and altering Lashbrook's CMI from the Custom Preview Images, Manly Bands also conveys its own, false, CMI in connection with the images, which is a separate violation under 17 U.S.C. § 1202(a).

288.    The CMI statute expressly defines CMI as "any of the following information **conveyed in connection** with copies . . . of a work . . . including in digital form," and including "the name of, and other identifying information about, the copyright owner of the work," "the information set forth on a notice of copyright," and "[t]erms and conditions for use of the work." *See id*. § 1202(c) (emphasis added).

289.    Furthermore, "the phrase '**conveyed in connection** with copies' . . . of the work [does not require] that the information be located immediately adjacent to the image to qualify as CMI." *Tomelleri v. Zazzle, Inc*., No. 13-CV-02576-EFM-TJJ, 2015 WL 8375083, at *13 (D. Kan. Dec. 9, 2015). Indeed, "a copyright notice and the encircled 'c' symbol at the bottom of the website" is CMI. *Stockart.com, LLC v. Engle*, No. 10-CV-00588-MSK-MEH, 2011 WL 10894610, at *10 (D. Colo. Feb. 18, 2011). Similarly, the terms of use linked at the bottom of a webpage are also CMI if they regulate the use of the copyrighted content contained on the page. *See Pierson v. Infinity Music & Ent., Inc.*, 300 F. Supp. 3d 390, 395–96 (D. Conn. 2018).

290.    On the same page where Manly Bands removes and alters Lashbrook's CMI, it also includes false CMI in the form of the Manly Bands name and logo, a copyright notice, and website terms regulating the use of the works displayed on the Manly Bands website—all conveyed in connection with the infringing Custom Preview Images. This is the case for each Custom Preview Image that is generated on the Manly Bands website, as depicted in the example below:

//

//

//

//

76



https://manlybands.com/pages/custom-rings-form

---

## Intellectual Property

The Service and its original content (excluding Content provided by users), features and functionality are and will remain the exclusive property of Manly Bands and its licensors. The Service is protected by copyright, trademark, and other laws of both the United States and foreign countries. Our trademarks and trade dress may not be used in connection with any product or service without the prior written consent of Manly Bands.

---

https://manlybands.com/pages/terms-of-service

291.    The CMI above identifies Manly Bands as the owner of the images displayed on the Manly Bands website, including falsely identifying Manly Bands as the owner of the Custom Preview Images stolen from the Lashbrook website.

292.    Manly Bands knowingly and intentionally falsified this CMI conveyed in connection with Lashbrook's Custom Preview Images with the intent to induce, enable, facilitate, or conceal infringement of the Custom Preview Images, as evidenced by the fact that Manly Bands brazenly copies the images directly from Lashbrook's servers without authorization, covers up Lashbrook's own CMI, and then conveys Manly Bands' CMI in connection with the stolen images.

293.    On information and belief, Manly Bands makes unauthorized copies of approximately 7,500 Lashbrook Custom Preview Images ***every day*** without the consent or authorization of Lashbrook, and falsely ascribes Manly Bands' CMI to the images.

294.    Manly Bands' unlawful acts have caused and continue to cause irreparable harm to Lashbrook for which it has no adequate remedy at law.  Unless this Court restrains Manly Bands from removing CMI from Lashbrook's Custom Preview Images the harm will continue to occur in the future. Accordingly, Lashbrook is entitled to an injunction against future infringement.

## TWENTY-EIGHTH CAUSE OF ACTION
### Utah Unfair Competition
### Utah Code Ann. § 13-5a-102

295.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

296.    Section 13-5a-102(4) of the Utah Code prohibits unlawful, unfair, or fraudulent activities that leads to a material diminution in value of intellectual property, and which is, *inter alia*, malicious cyber activity or a software license violation.

297.    Without authorization, Manly Bands engages in unlawful malicious cyber activity including the theft of thousands of customized images created by Lashbrook, as shown in the images below.

298.    On information and belief, Manly Bands makes unauthorized copies of approximately 7,500 Lashbrook Custom Preview Images ***every day*** without the consent or authorization of Lashbrook.

299.    On information and belief, Manly Bands uses unauthorized copies of Lashbrook Custom Preview to facilitate its own manufacture of rings based on those images.

300.    On information and belief, Manly Bands distributes unauthorized copies of Lashbrook Custom Preview Images to third party manufacturers to facilitate the manufacture of rings based on those images.



[https://manlybands.com/pages/custom-rings-form](https://manlybands.com/pages/custom-rings-form)

301.    Manly Bands use of Lashbrook's Custom Preview Images to sell products to consumers on its website, to manufacture rings based on the Custom Preview Images and to have rings manufactured by third parties based on Lashbrook's Custom Preview Images is an unlawful, unfair, and fraudulent activity, and misrepresents the source of the products shown on Manly Bands' website and unlawfully removes Lashbrook's watermarks from its copyrighted images.

302.    Manly Bands uses Lashbrook's Custom Preview Images without the consent or authorization of Lashbrook, and removes the Lashbrook watermarks from those copyrighted images, and such alteration dilutes the value of Lashbrook's Custom Preview Images by

distributing those images on the unauthorized Manly Bands website and to third-party manufacturers.

303.    Manly Bands' actions have caused a material diminution of value in intellectual property of Lashbrook in violation of Utah Code Ann § 13-5a-102.

304.    Manly Bands' actions have caused and will continue to cause irreparable injury to Lashbrook.  Lashbrook has no adequate remedy at law and is damaged in an amount to be determined at trial.

**TWENTY-NINTH CAUSE OF ACTION**
**Lanham Act Unfair Competition**
**15 U.S.C. § 1125(a)**

305.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

306.    Section 43(a) of the Lanham Act prohibits any person from using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to result in confusion, mistake, or deception.

307.    Lashbrook is the owner of the Custom Preview Images which are associated in the minds of consumers with Lashbrook's unique products.

308.    Manly Bands uses the Lashbrook Custom Preview Images in connection with the design and sale of custom rings.  Manly Bands' use, including the importation, sale, offer for sale, and/or distribution of custom ring products based on the Lashbrook Custom Preview Images, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that

Manly Bands' custom ring products emanate or originate from Lashbrook or that Lashbrook has approved, sponsored, or otherwise associated itself with Manly Bands or its custom ring products.

309.    Through the unauthorized use of Lashbrook's Custom Preview Images Manly Bands has unfairly benefitted from Lashbrook's goodwill and reputation.  This is likely to result in substantial and irreparable injury to the public and to Lashbrook.

310.    On information and belief, Manly Bands makes unauthorized copies of approximately 7,500 Lashbrook Custom Preview Images ***every day*** without the consent or authorization of Lashbrook.

311.    Manly Bands has actual and direct knowledge of Lashbrook's Custom Preview Images.  Manly Bands' conduct is willful and reflects its intent to exploit the goodwill and strong brand recognition associated with Lashbrook's Custom Preview Images.

312.    Manly Bands' acts constitute unfair competition and false advertising in violation of the Lanham Act.

313.    Manly Bands' acts have caused and will continue to cause irreparable injury to Lashbrook.  Lashbrook has no adequate remedy at law and is damaged in an amount to be determined at trial.

### THIRTIETH CAUSE OF ACTION
**Utah Pattern of Unlawful Activities Act**
**Utah Code Ann. § 76-10-1603**

314.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

315.    Manly Bands is an "enterprise" as that term is defined in Utah Code Ann. § 76-10-1602(1) and Lashbrook is a "person" as that term is defined in Utah Code Ann. § 76-010-1602(3).

316.     On information and belief, Manly Bands and its employees continually made (and continue to make) unauthorized copies of approximately 7,500 Lashbrook Custom Preview Images every day without the consent or authorization of Lashbrook, including the automated removal of Lashbrook's watermark copyright management information from those images.

317.     Manly Bands and its employees engaged in a pattern of unlawful activity in violation of the Utah Computer Crimes Act, Utah Code Ann. § 76-6-703(1)(a) and § 76-6-703(1)(b) when Manly Bands and its employees repeatedly accessed, altered, copied, and transmitted Lashbrook's Custom Preview Images without authorization, or in excess of Manly Bands' and its employees' authorization to access such computers.

318.     Manly Bands and its employees engaged in a pattern of unlawful activity in violation of the Utah Computer Crimes Act, Utah Code Ann. § 76-6-703(1)(a) and § 76-6-703(1)(b) when Manly Bands and its employees took unauthorized and unlawful actions that caused economic loss to Lashbrook through the repeated, unauthorized use of the Lashbrook Custom Preview Images and unauthorized access to Lashbrook computers.

319.     Lashbrook did not consent to the unauthorized copying of the Lashbrook Custom Preview Images by Manly Bands.

320.     Manly Bands repeated unlawful and unauthorized use of the Lashbrook Custom Preview Images in violation of the Utah Computer Crimes Act is a "pattern of unlawful activity" as that term is defined in Utah Code Ann. § 76-010-1602(3).

321.     A violation of the Utah Computer Crimes Act is "unlawful activity" as that term is defined in Utah Code Ann. § 76-010-1602(4)(oo).

322.    Manly Bands and its employees repeated unlawful and unauthorized use of the Lashbrook Custom Preview Images and access to Lashbrook computers comprises a pattern of unlawful activity in violation of Utah Code Ann. § 76-010-1603.

323.    Lashbrook was injured in its business or property by Manly Bands and its employees as they participated in the affairs of Manly Bands through a pattern of unlawful activity.

324.    Pursuant to Utah Code Ann. § 76-10-1065(2), Lashbrook is entitled to recover its costs of suit, including reasonable attorneys' fees.

325.    Pursuant to Utah Code Ann. § 76-10-1065(4), Manly Bands is liable to Lashbrook for two times the damages Lashbrook has sustained.

## THIRTY FIRST CAUSE OF ACTION
### Civil Conspiracy

326.    Lashbrook incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

327.    Manly Bands LLC, along with Defendants Ruggiero, Luchese and Smith, conspired with each other, combined together and had a meeting of the minds amongst each other to accomplish the objects of: (a) making additional profits by purposefully cutting Lashbrook out of its supply chain and to do so regardless of any infringements upon Lashbrook's intellectual property rights; and (b) retaining the advantages and goodwill in the industry from the Lashbrook relationship by deceiving the public as to the origin of Manly Bands' designs.

328.    On information and belief, Defendants Manly Bands LLC, Ruggiero, Luchese and Smith were all fully aware of the activity alleged in paragraphs 7-11, 30-37 and 40 in the Complaint and did conspire and combine with one another to take the unlawful overt actions set forth in these paragraphs in furtherance of the aforementioned objectives.

329.    In furtherance of the aforementioned objectives, as set forth in Causes of Action Numbers 1-23, Defendants Manly Bands LLC, Ruggiero, Luchese and Smith did unlawfully, overtly and willfully infringe upon Lashbrook's copyrighted jewelry designs as though they were Manly Bands' own with full knowledge of Lashbrook's copyrighted works, which Manly Bands previously purchased from Lashbrook.

330.    In furtherance of the aforementioned objectives, as set forth in Causes of Action Numbers 24-25, Defendants Manly Bands LLC, Ruggiero, Luchese and Smith did unlawfully, overtly and willfully infringe upon Lashbrook's copyrighted images and other works as though they were Manly Bands' own with full knowledge of Lashbrook's copyrighted images and works, which Manly Bands steals directly from Lashbrook servers.

331.    In furtherance of the aforementioned objectives, as set forth in Cause of Action Number 26, Defendants Manly Bands LLC, Ruggiero, Luchese and Smith unlawfully, overtly and intentionally removed or altered CMI from Lashbrook's Custom Preview Images knowing that Manly Bands' removal of CMI would induce, enable, facilitate, or conceal information of copyright infringement, in violation of 17 U.S.C. § 1202(b).

332.    In furtherance of the aforementioned objectives, as set forth in Cause of Action Number 27, Defendants Manly Bands LLC, Ruggiero, Luchese and Smith unlawfully, overtly and intentionally conveyed Manly Bands' own, false, CMI in connection with Lashbrook's Custom Preview Images, with the intent to induce, enable, facilitate, or conceal infringement of the Custom Preview Images, in violation under 17 U.S.C. § 1202(a).

333.    These overt and unlawful acts committed by the Defendants have caused and will continue to cause irreparable injury to Lashbrook.  Lashbrook has no adequate remedy at law and is damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Lashbrook respectfully prays that the Court enter judgment in its favor and award the following relief against Manly Bands:

A.    A judgment that Manly Bands has infringed the Lashbrook registered copyrights;

B.    A judgment that the refused Lashbrook copyrights are entitled to protection and that Manly Bands has infringed the Lashbrook refused copyrights;

C.    A judgment in favor of Lashbrook that Manly Bands' infringement of the Lashbrook copyrights has been willful;

D.    A judgment in favor of Lashbrook that it is entitled to its actual damages and Manly Bands' profits attributable to the infringement of the Lashbrook copyrights, in an amount to be proved at trial, or in the alternative to statutory damages;

E.    A judgment in favor of Lashbrook that it is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2) due to Manly Bands' willful infringement;

F.    An order and judgment enjoining Manly Bands' officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing the Lashbrook copyrights;

G.     A judgment in favor of Lashbrook that Manly Bands has removed copyright management information from the Lashbrook Custom Preview Images in violation of 17 U.S.C. § 1202(b);

H.     A judgment in favor of Lashbrook that Manly Bands has falsified copyright management information that is conveyed in connection with the Lashbrook Custom Preview Images in violation of 17 U.S.C. § 1202(a);

I.     A judgment in favor of Lashbrook that it is entitled to its actual damages and Manly Bands' profits under 17 U.S.C. § 1203(c)(2), in an amount to be proved at trial, or awarding the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3)(B);

J.     A judgment in favor of Lashbrook that it is entitled to an award of its reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

K.     An order and judgment enjoining Manly Bands and its officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further violating 17 U.S.C. § 1202;

L.     A judgment in favor of Lashbrook that Manly Bands' unauthorized use of Lashbrook's Custom Preview Images is an unlawful, unfair, and fraudulent activity that lead to the diminution in value of Lashbrook's intellectual property in violation of Utah Code Ann. § 13-5a-102;

M.     A judgment in favor of Lashbrook that, pursuant to Utah Code Ann. § 13-5a-103(b)(i), it is entitled to its actual damages due to Manly Bands' violation of Utah Code Ann. § 13-5a-102, in an amount to be proved at trial;

N.      A judgment in favor of Lashbrook that, pursuant to Utah Code Ann. § 13-5a-103(b)(ii), it is entitled to costs and attorney fees due to Manly Bands' violation of Utah Code Ann. § 13-5a-102;

O.      A judgment in favor of Lashbrook that, pursuant to Utah Code Ann. § 13-5a-103(b)(iii), it is entitled to punitive damages due to Manly Bands' willful violation of Utah Code Ann. § 13-5a-102;

P.      A judgment in favor of Lashbrook that unauthorized Manly Bands' use of Lashbrook's Custom Preview Images constitutes unfair competition and false advertising in violation of 15 U.S.C. § 1125(a);

Q.      A judgment in favor of Lashbrook that, pursuant to 15 U.S.C. § 1117(a), it is entitled to its actual damages and Manly Bands' profits due to Manly Bands' violation of 15 U.S.C. § 1125(a), in an amount to be proved at trial;

R.      A judgment in favor of Lashbrook that, pursuant to 15 U.S.C. § 1117(a), it is entitled to costs and attorney fees due to Manly Bands' violation of 15 U.S.C. § 1125(a);

S.      A judgment in favor of Lashbrook that Manly Bands' repeated unlawful and unauthorized use of the Lashbrook Custom Preview Images comprises a pattern of unlawful activity in violation of Utah Code Ann. § 76-010-1603;

T.      A judgment in favor of Lashbrook that, pursuant to U.C.A. § 76-10-1605(4), it is entitled to an award of twice the damages Lashbrook sustained as a result of Manly Bands' pattern of unlawful activities in violation of Utah Code Ann. § 76-010-1603;

U.      A judgment in favor of Lashbrook that, pursuant to U.C.A. § 76-10-1605(2), it is entitled to costs and attorney fees as a result of Manly Bands' pattern of unlawful activities in violation of Utah Code Ann. § 76-010-1603;

V.      A judgment in favor of Lashbrook that, pursuant to U.C.A. § 76-10-1606(10)(c)(ii), it is entitled to an order imposing reasonable restrictions on Manly Bands' future activities;

W.      A judgment in favor of Lashbrook that, pursuant to U.C.A. § 78B-8-201, it is entitled to punitive or exemplary damages for Manly Bands' willful, intentional, reckless, and malicious conduct in violation of Utah Code Ann. § 76-010-1603;

X.      A judgment in favor of Lashbrook that the Defendants are liable for conspiring to commit, and did commit, the unlawful overt acts alleged herein in pursuit of the unlawful objectives alleged herein and that Lashbrook was injured as a result of the conspiracy;

Y.      A judgment in favor of Lashbrook that it is entitled to its actual damages as a result of the Defendants' conspiracy in an amount to be proved at trial;

Z.      A judgment in favor of Lashbrook that it is entitled to punitive or exemplary damages for Defendants' conspiracy;

AA.     A judgment in favor of Lashbrook that it is entitled to costs and attorney fees for Defendants' conspiracy;

BB.     For damages in an amount to be proved at trial, including both the actual losses caused by Manly Bands' misappropriations and unlawful acts alleged herein and the unjust enrichment Manly Bands has received due to the misappropriation and unlawful acts alleged herein that is not taken into account in computing Lashbrook's actual loss;

CC.     For an order directing Manly Bands to disgorge all profits and revenues gained by their illegal and improper conduct as alleged herein;

DD.     A judgment that Ruggiero, Luchese, and Smith are jointly and severally liable for the unlawful and infringing conduct alleged in the herein;

EE.     For Lashbrook's attorneys' fees and costs incurred in this matter; and

FF.     All other relief that the Court deems just and equitable under all the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all matters triable to a jury.

DATED this 1st day of December, 2023.

Respectfully submitted,

WORKMAN NYDEGGER

By: /s/ Brian N. Platt

BRIAN N. PLATT

*Attorneys for Plaintiff Diamonds Direct, L.C. dba Lashbrook*