THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DIAMONDS DIRECT, L.C. dba LASHBROOK,**<br><br>Plaintiff,<br><br>v.<br><br>**MANLY BANDS LLC, JOHNATHAN RUGGIERO, MICHELLE LUCHESE, and MARSHALL SMITH,**<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:23-cv-00870-AMA-JCB<br><br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

## BACKGROUND[1]

Plaintiff Diamonds Direct, L.C. dba Lashbrook ("Lashbrook") initiated this case against Defendants on December 1, 2023.[2] Scott Hinz ("Mr. Hinz"), who is not a party to this case, previously worked for Defendant Manly Bands LLC.[3] Lashbrook has unsuccessfully attempted to serve Mr. Hinz with a subpoena for a deposition and a subpoena for production of documents (collectively, "Subpoenas"). Lashbrook's counsel used skip-tracing services, public address records, county property records, and other investigative tools to identify two addresses associated with Mr. Hinz: (1) 3637 Vista Verda, Palm Springs, CA 92262; and (2) a mail-only

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF Nos. 15, 37.

[2] ECF No. 2.

[3] ECF No. 62 at 2.

address of 3916 N Potsdam Ave #3248 Sioux Falls, SD 57104.[4] Lashbrook's counsel arranged for personal service of the Subpoenas on Mr. Hinz at 3637 Vista Verda, Palm Springs, CA 92262.[5] The process server attempted three times to personally serve Mr. Hinz with the Subpoenas at that address but was unsuccessful.[6]

Lashbrook's counsel also investigated public records, conducted internet searches, and reviewed prior communications to identify several active social media accounts, an email address, and a phone number associated with Mr. Hinz.[7] Through those efforts, Lashbrook's counsel verified that Mr. Hinz controls and monitors the identified social media accounts.[8] Using the identified email address, Lashbrook's counsel emailed the Subpoenas to Mr. Hinz but received no response.[9] Lashbrook's counsel also called the phone number it identified for Mr. Hinz.[10] After Mr. Hinz did not answer, Lashbrook's counsel left a voicemail message identifying himself, stating the purpose of the call (i.e., notifying Mr. Hinz of the Subpoenas), and requesting that Mr. Hinz return the call.[11] Mr. Hinz did not respond.[12]

---

[4] ECF No. 62-3 at ¶ 2.

[5] *Id.* at ¶ 3.

[6] *Id.* at ¶ 4; *see also* ECF No. 62-1.

[7] ECF No. 62-3 at ¶ 5.

[8] *Id.* at ¶ 6.

[9] *Id.* at ¶ 7; *see also* ECF No. 62-2.

[10] ECF No. 62-3 at ¶ 8.

[11] *Id.*

[12] *Id.*

Given those unsuccessful efforts, Lashbrook now moves to serve the Subpoenas on Mr. Hinz through alternative means.[13] Specifically, Lashbrook seeks accomplish service of the Subpoenas on Mr. Hinz by: (1) emailing a copy of the Subpoenas and this order to Mr. Hinz; (2) mailing a copy of the Subpoenas and this order to Mr. Hinz through certified, first-class mail; (3) calling or leaving a voicemail for Mr. Hinz stating the nature of the Subpoenas and how to obtain them; and (4) sending direct messages to Mr. Hinz's social media accounts stating the nature of the Subpoenas and how to obtain them.[14] Lashbrook contends that those service methods are reasonably calculated to ensure that Mr. Hinz receives actual notice of the Subpoenas.[15] Defendants do not oppose Lashbrook's motion.[16]

## ANALYSIS

The court grants Lashbrook's unopposed motion for alternative service of the Subpoenas on Mr. Hinz because Lashbrook has shown diligent, but unsuccessful, efforts to personally serve Mr. Hinz and demonstrated that its proposed alternative service method is reasonably calculated to provide Mr. Hinz with notice of the Subpoenas. Fed. R. Civ. P. 45(b)(2) provides that "[a] subpoena may be served at any place within the United States." Service of a subpoena under Rule 45(b)(1) "requires delivering a copy to the named person." "Courts have interpreted this rule as allowing service by means other than personal service under [Fed. R. Civ. P. 4]."[17]

---

[13] ECF No. 62.

[14] ECF No. 62 at 3-4.

[15] *Id*.

[16] *Id*. at 1.

[17] *Origins Tech, Inc. v. Oak Equity Holdings II, LLC*, No. 2:23-CV-00326, 2025 WL 2652482, at *2 (D. Utah Sept. 16, 2025) (citing cases).

Further, "even if personal service under Rule 4 were required, courts may authorize service by alternative means as permitted under applicable state law."[18] Under Utah law, alternative service is permitted if the "whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person to be served is avoiding service."[19] Alternative service of a Rule 45 subpoena is permitted if "[t]he moving party . . . show[s] unsuccessful, but diligent, efforts at personal service, and show[s] the alternative method is reasonably calculated to provide the nonparty with notice."[20]

    As demonstrated above, Lashbrook's counsel has undertaken diligent, yet unsuccessful, efforts to personally serve the Subpoenas on Mr. Hinz. Additionally, Lashbrook has shown that its proposed alternative service method is reasonably calculated to provide Mr. Hinz with notice of the Subpoenas. Lashbrook's counsel has conducted a thorough investigation to determine Mr. Hinz's social media accounts, email address, and phone number. Further, Lashbrook's counsel has verified that Mr. Hinz controls and monitors the identified social media accounts. Under those circumstances, Lashbrook has demonstrated that alternative service of the Subpoenas on Mr. Hinz is permissible. Therefore, the court grants Lashbrook's unopposed motion for alternative service of the Subpoenas on Mr. Hinz.

---

[18] *Id.*; *see also* Fed. R. Civ. P. 4(e)(1) (providing that personal service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

[19] Utah R. Civ. P. 4(d)(5)(A); *see also Origins Tech, Inc.*, 2025 WL 2652482, at *2.

[20] *Origins Tech, Inc.*, 2025 WL 2652482, at *2 (citing cases for the proposition that alternative service of a Rule 45 subpoena through mail and email is permitted).

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Lashbrook's unopposed motion for alternative service of the Subpoenas on Mr. Hinz[21] is GRANTED.

2. Lashbrook may serve the Subpoenas on Mr. Hinz by:

    a. emailing a copy of the Subpoenas and this order to Mr. Hinz at sjhinz@hotmail.com;

    b. mailing a copy of the Subpoenas and this order to Mr. Hinz through certified, first-class mail at 3916 N Potsdam Ave #3248, Sioux Falls, SD 57104;

    c. calling or leaving a voicemail for Mr. Hinz at (925) 250-4802, stating the nature of the Subpoenas and how to obtain them; and

    d. sending direct messages to Mr. Hinz stating the nature of the Subpoenas and how to obtain them at https://www.linkedin.com/in/scotthinz/, https://www.facebook.com/shinz, and https://www.instagram.com/scottsoutwest/.

3. Service of the Subpoenas on Mr. Hinz will be complete after Lashbrook completes all the foregoing methods of alternative service.

4. Lashbrook must promptly file a declaration or affidavit with the court demonstrating completion of the foregoing methods of alternative service.

---

[21] ECF No. 62.

IT IS SO ORDERED.

DATED this 7th day of November 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge