# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **DIAMONDS DIRECT, L.C. dba LASHBROOK,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**MANLY BANDS LLC, JOHNATHAN RUGGIERO, MICHELLE LUCHESE, and MARSHALL SMITH,**<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:23-cv-00870-AMA-JCB**<br><br><br>**District Judge Ann Marie McIff Allen**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Plaintiff Diamonds Direct, L.C. dba Lashbrook ("Lashbrook") and Defendant Manly

Bands LLC ("Manly Bands") are both in the business of making custom men's wedding rings.[2]

Lashbrook filed this lawsuit against Defendants Manly Bands, Johnathan Ruggiero, Michelle

Luchese, and Marshall Smith (collectively, "Defendants"), asserting claims for copyright

infringement; vicarious and contributory copyright infringement; and removal, alteration, and

falsification of copyright management information ("CMI").[3] Lashbrook's claims are based upon

the general allegations that Defendants copied Lashbrook's product designs without

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF Nos. 15, 37.

[2] *See generally* ECF No. 58.

[3] *See generally id.*

authorization; copied Lashbrook's copyrighted product images without authorization; and removed, altered, or falsified the CMI for Lashbrook's copyrighted product images.[4]

On April 13, 2026, prior to the close of fact discovery, Lashbrook filed a short form discovery motion for leave to take one additional deposition beyond the limit of ten depositions under Fed. R. Civ. P. 30(a)(2)(A)(i).[5] Lashbrook contends that information it recently obtained in discovery demonstrates that Defendants used and displayed Lashbrook product images in connection with a sales pitch to a potential licensor, despite Defendants' previous denial of engaging in such display and use. Specifically, Lashbrook contends that after it served a subpoena on Warner Bros./DC Comics, Defendants admitted that they had provided Lashbrook product images to Warner Bros./DC Comics in connection with a licensing pitch that did not involve Lashbrook as the manufacturer. According to Lashbrook, two former Manly Bands employees led that licensing pitch. Lashbrook now seeks to depose two individuals about the licensing pitch, but because Lashbrook has already taken nine depositions, it seeks leave to take one additional deposition above the ten-deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i).

Defendants oppose Lashbrook's motion, focusing upon the relevance of the information Lashbrook seeks through the additional deposition.[6] Defendants contend that Lashbrook's claims are limited to Defendants' use and display of Lashbrook product images on Manly Bands' website and do not involve Defendants' use and display of those images in sales pitches to potential licensors. Thus, Defendants assert that the additional deposition Lashbrook seeks

---

[4] *See generally id*.

[5] ECF No. 78.

[6] ECF No. 79.

concerning Defendants' use and display of Lashbrook product images in the Warner Bros./DC Comics sales pitch is not relevant to Lashbrook's claims.

The court held a hearing on Lashbrook's motion on April 27, 2026, and took it under advisement.[7] The court has carefully considered the parties' written submissions and counsel's oral arguments from the hearing. Based upon the analysis set forth below, the court grants Lashbrook's motion.

### ANALYSIS

The court grants Lashbrook's short form discovery motion for leave to take one additional deposition because the information it seeks through that deposition is relevant to its claims. Fed. R. Civ. P. 26(b)(1) governs the general scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 30(a) governs when a deposition may be taken and provides in relevant part:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with [Fed. R. Civ. P.] 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule or [Fed. R. Civ. P.] 31 by the plaintiffs, or by the defendants, or by the third-party defendants.[8]

Thus, if the information Lashbrook seeks through the additional deposition satisfies the requirements of Fed. R. Civ. P. 26(b)(1) and (2), the court must grant leave for that additional deposition under Fed. R. Civ. P. 30(a)(2)(A)(i).

---

[7] ECF No. 81.

[8] Fed. R. Civ. P. 30(a)(2)(A)(i).

Defendants have not argued that the additional deposition seeks information that is privileged, they did not substantively argue that the additional deposition is not proportional to the needs of this case,[9] and they have not argued that the additional deposition should be prohibited under Fed. R. Civ. P. 26(b)(2). Consequently, the court focuses its analysis on whether the information Lashbrook seeks through the additional deposition is relevant to Lashbrook's claims. For the reasons explained below, the court concludes that the information is relevant to Lashbrook's claims and, therefore, grants Lashbrook's motion.

Despite Defendants' argument to the contrary, the allegations of Lashbrook's second amended complaint are broad enough to encompass Defendants' use and display of Lashbrook product images to third parties. For example, the second amended complaint contains the following allegations, none of which provides a limit to use and display of Lashbrook product images on the Manly Bands' website:

- Defendants made "available" to Manly Bands' customers Lashbrook's copyrighted product images, as well as Lashbrook's copyrighted product images with removed, altered, or falsified CMI.[10]

- Manly Bands used Lashbrook's product images "to enable itself and third-party contractors to manufacture custom rings for Manly Bands that are embodied by the images."[11]

---

[9] Although Defendants make passing references to proportionality in their opposition to Lashbrook's motion, they do not argue it substantively. ECF No. 79. Further, Defendants did not argue proportionality during the hearing on Lashbrook's motion.

[10] ECF No. 58 at ¶¶ 5-7.

[11] *Id*. at ¶ 11.

- Manly Bands stole certain Lashbrook product images by "distributing infringing copies to customers, manufacturing rings based on the images, and/or sending the images to third[-]party manufacturers to facilitate the manufacture of rings based on the images."[12]

- Manly Bands was using Lashbrook product images to have "custom rings manufactured by third[-]party manufacturers based on" the product images.[13]

- "Lashbrook never gave Manly Bands authorization . . . to display unauthorized copies [of Lashbrook's product images] to third parties" or "to distribute unauthorized copies to third parties."[14]

- "Manly Bands removed, altered, and falsified the CMI . . . with the intent to conceal . . . infringements from Lashbrook, Manly Bands' own customers, and other third parties."[15]

Considering those allegations, the court is persuaded that the information Lashbrook seeks through the additional deposition is sufficiently relevant to Lashbrook's claims to be discoverable under Fed. R. Civ. P. 26(b)(1). Therefore, the court grants Lashbrook's motion and provides it with leave to conduct one additional deposition beyond the ten-deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i).

---

[12] *Id.* at ¶ 50.

[13] *Id.* at ¶ 84.

[14] *Id.* at ¶ 85.

[15] *Id.* at ¶ 87.

**ORDER**

For the reasons stated above, Lashbrook's short form discovery motion for leave to take one additional deposition[16] is GRANTED.

IT IS SO ORDERED.

DATED this 18th day of May 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[16] ECF No. 78.